# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD YBARRA,<br><br>                       Petitioner,<br>  vs.<br>M MARTEL, Warden,<br><br>                     Respondent. | CASE NO. 09cv1188-LAB (POR)<br><br>**ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL** |

      On February 11, 2011, the Court issued an order denying Petitioner Edward Ybarra's petition for writ of habeas corpus, explaining its reasons, and denying a certificate of appealability. Ybarra then, after obtaining an extension of time, filed a lengthy notice of appeal as well as a motion to proceed *in forma pauperis*.

      The Court has reviewed the notice of appeal, which raises new issues, which contradicts the record, and which makes claims unsupported by federal law. The notice begins by claiming Ybarra was deprived of his right to cross-examine San Diego police at trial, and claims the admission of the testimony of an investigator at a preliminary hearing violated his Confrontation Clause rights. (Docket no. 46 at 11.) Ybarra's claim in his petition, which he also presented to the state court, was not that he was deprived of an opportunity to cross-examine witnesses, but that his counsel was ineffective for failing to subpoena and cross-examine them. His petition made no mention of the investigator's hearing testimony. These are therefore new claims, not exhausted in state court nor raised in his petition.

Ybarra then argues the Court violated his rights by allowing the jury to hear "prejudicial testimony of uncharged crimes under the 6th and 14th amend[ments.]" (Docket no. 46 at 12.) Apparently, he means the trial court violated his rights by admitting evidence of a 911 call in which Ybarra's victim said she was afraid because (she thought) he had committed murder before. The Court addressed this in its order denying the petition, and concluded the matter was not debatable among reasonable jurists. That conclusion still stands.

Ybarra then argues the Court should have held an evidentiary hearing "to flesh out the truth of the court record." (Docket no. 46 at 12.) Specifically, he now says he wanted the Court to listen to the 911 tape he thought was prejudicial, and to call police officers to testify. His motion for an evidentiary hearing (Docket no. 27) asked the Court to conduct a hearing and consider all the evidence again, though he didn't explain what it would show. He mentioned the 911 tapes only in passing (*id*. at 1:23–25, 7:23–28), in an effort to raise a Sixth Amendment claim  He also mentioned alleged perjury by the District Attorney. (*Id*. at 8:24–9:5.) He did not specifically request the testimony of San Diego police, nor did he explain why it would be necessary. Assuming, however, the motion for an evidentiary hearing had adequately explained why the 911 tape and police testimony ought to be presented at a hearing, the motion would still have been denied. The admission of the 911 tape to establish an element of the crime (that Ybarra's stalking victim was afraid) did not violate any clearly established federal constitutional right. (*See* Docket no. 41 at 5:3–5 and n.3, 6:26–7:14) The testimony of police officers who responded to the 911 call would not have had any significant effect on the outcome of the case, and Ybarra's trial counsel was not deficient for failing to call them. (*Id*. at 5:3–5, 7:16–8:25.) Calling the police officers also would not show that prosecutors knew Ybarra's victim's testimony was in part perjurious.[1] Other reasons for denying the motion are set forth in the report and recommendation, which

---

[1] Although Ybarra's petition pointed to what he thought was a conflict in the testimony between police and his victim, the state court, examining the testimony, concluded prosecutors offered an explanation for the conflict. (*See* Docket no. 1-1 at 17–18 (state superior court's discussion of testimony on habeas review).) This conclusion is fairly supported by the record.

the Court adopted in its order denying the petition. (Docket no. 14:16–15:18.) The Court's earlier conclusion that this issue would not be debatable by jurists of reason still stands.

Ybarra then raises the issue of the 911 tape (or tapes) again. (Docket no. 46 at 13.) For reasons already discussed, this claim fails and is not debatable by jurists of reason.

Ybarra next asks whether the Court violated his purported due process right to have the Court "review the entire record on appeal and trial record as a whole." Assuming he means the Court should not have given any deference to a summary state court denial of habeas relief—an argument he raised in his objections to the report and recommendation—his claim is foreclosed by *Harrington v. Richter*, 131 S.Ct. 770, 784 (2011). He may also be objecting to the procedure by which a report and recommendation is issued, objections are received, and any finding or recommendation specifically objected to is reviewed *de novo*. If his objection is that the Court should have reviewed the entire record *de novo* even in the absence of a specific objection to the report and recommendation, he is in error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") If he means something else, it is a new claim he has not raised before. *See United States v. Robertson,* 52 F.3d 789, 791 (9th Cir. 1994) ("Issues not presented to the district court cannot generally be raised for the first time on appeal.")

After this, Ybarra re-raises charges of perjury, and contends that immateriality of his victim's alleged perjury is beside the point. (Docket no. 46 at 14.) Ybarra's claim was that prosecutors committed misconduct by offering what they knew to be perjured testimony. The allegedly perjured testimony pertained to whether Ybarra's victim had reason to fear him based on what police told her, her state of mind being an element of the crime. As discussed in the order denying the petition, even if Ybarra could show prosecutors knew his victim committed perjury when testifying about whether police officers mentioned Ybarra's criminal record (which he can't), there is no likelihood the testimony he now challenges made any difference to the outcome. The evidence he challenges was at best marginal, and in

addition the evidence showing his victim was afraid was overwhelming. Among other things, Ybarra had already violently struck his victim, verbally abused her, broken her windows, burned her bedding, come to her home and refused to leave, and threatened several times to kill her and those she was with. She had twice called 911 when Ybarra was menacing her. The victim had also been warned by Ybarra's mother to hide and stay inside her home, because Ybarra was on drugs, had a bat, and intended to kill the victim.

Apparently Ybarra is now conceding it was not prejudicial but is arguing the use of perjured testimony requires reversal of a conviction. This is not the law, however. *United States v. Bagley*, 473 U.S. 667, 679–80 (1985) (noting well-established rule that a conviction obtained by means of the knowing use of perjury must be set aside if there is "any reasonable likelihood" the perjured testimony led to the guilty verdict).

For these reasons, and for reasons set forth in the Court's earlier orders, the Court **CERTIFIES** that the appeal would not be taken in good faith. Ybarra's motion to proceed *in forma pauperis* on appeal is therefore **DENIED**. *See* Fed. R. App. P. 24(a)(3)(A) and 24(a)(4)(B).

**IT IS SO ORDERED**.

DATED: December 12, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge